[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2006
THOMAS K. KAHN
CLERK

No. 05-13613
Non-Argument Calendar

_____

D. C. Docket No. 05-10006-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE CARTAYA-ACOSTA,
JOSE CARTAYA-ACOSTA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(May 4, 2006)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Cartaya-Acosta appeals his conviction for forcibly assaulting United States Coast Guard officers on the ground that there was insufficient evidence to sustain the verdict of the jury.  See 18 U.S.C. § 111.  Jorge and his brother, Jose Cartaya-Acosta, appeal their 72-month sentences on the ground that the sentence enhancements for reckless endangerment were impermissible double-counting by the district court.  Because the evidence was sufficient for the jury to infer that Jorge had forcibly assaulted the Coast Guard officers, and the district court did not impose the reckless endangerment enhancement, we affirm.

### BACKGROUND

On February 8, 2005, Jorge and Jose, who are brothers, were in a "go-fast boat" 27 miles southeast of Key West, Florida.  When they were approached by a United States Coast Guard Cutter, Jose and Jorge attempted to flee.  Jose piloted the go-fast boat in an erratic manner at a high rate of speed and ignored orders from the Coast Guard, in both Spanish and English, to stop the go-fast boat.

The Coast Guard launched a rigid-hull inflatable boat with seven uniformed crew members aboard.  The inflatable boat approached the go-fast boat, which then maneuvered and came in contact with the inflatable boat several times and damaged it.  While the inflatable boat was 10 to 15 feet from the go-fast boat, Jorge yelled to the Coast Guard crew that the brothers would not stop until they

2

reached land, brandished a metal crowbar at the crew of the inflatable boat, and threatened to "hit" them if they came closer. The crew of the inflatable boat pepper sprayed Jorge and Jose, but the brothers did not stop their boat. Jorge continued to brandish the crowbar and made jabbing motions that the crew of the inflatable boat interpreted as an attempt to puncture the inflatable boat.

The crew of the inflatable boat pepper sprayed Jorge and Jose a second time. Jorge dropped the crowbar and Jose stopped the go-fast boat. The Coast Guard crew boarded the go-fast boat to arrest Jorge and Jose. Jorge moved toward a member of the boarding team in a threatening manner, and the member of the boarding team struck Jorge on the arm with an expandable baton.

At trial, the jury found both Jorge and Jose guilty of forcible assault upon a federal officer. See 18 U.S.C. § 111. The pre-sentence investigation report recommended several sentence enhancements, including enhancements for creating a serious risk of injury to law enforcement officers, U.S.S.G. § 3A1.2(b), and reckless endangerment of another person during flight from law enforcement officers, U.S.S.G. § 3C1.2. The district court enhanced the sentences for obstruction of justice, but not reckless endangerment. The total offense level for both Jorge and Jose was 27, with a range of imprisonment of 70 to 87 months. The district court sentenced both Jorge and Jose to 72 months of imprisonment.

**STANDARD OF REVIEW**

"We review <u>de novo</u> a challenge to the sufficiency of the evidence, and we consider that evidence in the light most favorable to the government, drawing all inferences and credibility choices in favor of the jury's verdict." <u>United States v. Guerra</u>, 164 F.3d 1358, 1359 (11th Cir. 1999) (internal citations omitted). We review <u>de novo</u> the application of the sentencing guidelines by the district court. <u>United States v. Grant</u>, 397 F.3d 1330, 1332 (11th Cir. 2005).

**DISCUSSION**

Jorge argues that the evidence presented at trial was insufficient to sustain the guilty verdict by the jury because his actions did not support the inference that he had forcibly assaulted the inflatable boat crew. Evidence is sufficient to sustain a conviction if "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Hernandez</u>, 433 F.3d 1328, 1335 (11th Cir. 2006) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). The evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt[.]" <u>United States v. Bell</u>, 678 F.2d 547, 549 (5th Cir. Unit B 1982). "[W]e are bound by the jury's credibility determinations, and by its rejection of the

4

inferences raised by the defendant." United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005).

Forcible assault is "a willful attempt or threat to inflict serious bodily injury, coupled with an apparent present ability [to do so], which causes the intended victim a reasonable apprehension of immediate serious bodily harm or death." United States v. Fallen, 256 F.3d 1082, 1088 (11th Cir. 2001). Proof of physical contact is not required. Id. at 1087. Jorge argues that he stated or implied conditional threats of force but lacked the ability to inflict harm because the boats were separated by 10 to 15 feet of water. Jorge's argument fails.

Jorge's actions clearly support an inference that he willfully threatened to inflict serious bodily harm and had the ability to do so. He stated that he would "hit" the crew and the inflatable boat, and he made that statement while wielding a crowbar. A crowbar can be used as a weapon to inflict serious bodily harm or death, and the crowbar could have been used to puncture the inflatable boat and sink it, potentially drowning members of the crew. Jorge had the ability to inflict the threatened harm because the inflatable boat was approaching the go-fast boat and the go-fast boat had already made contact with the inflatable boat and could quickly do so again. We affirm Jorge's conviction.

Jorge and Jose object to the sentence enhancement for reckless

endangerment. U.S.S.G. § 3C1.2. They argues that it is double counting because section 3C1.2 is based on the same underlying conduct as the enhancement under section 3A1.2(b). Although the government concedes that the enhancement for reckless endangerment is double counting and recommends a remand for resentencing, our review of the record reveals that neither Jorge nor Jose actually received a sentence enhancement under section 3C1.2. At the sentencing hearing, the district court overruled the objection of defense counsel to the enhancement for reckless endangerment, but when the district court imposed the sentences, the court included an enhancement only for obstruction of justice, not reckless endangerment. Without explanation, the district court did not include the enhancement, under section 3C1.2, in its final calculations. The sentence is, therefore, affirmed.

## CONCLUSION

Jorge's conviction and the sentences for both Jorge and Jose are

**AFFIRMED.**